IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RECKO M. ELLIS, :
:
      Plaintiff, :
VS. :
: CASE NO.: 7:19-CV-69-HL-TQL
THOMAS COUNTY GEORGIA, :
*et al.*, :
:
      Defendants. :
_____

## ORDER

Plaintiff Recko M. Ellis, a prisoner who was most recently incarcerated at the Riverbend Correctional Facility in Milledgeville, Georgia, has filed a document that has been construed as a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1) and an affidavit in support thereof (ECF No. 4). Plaintiff has also failed to pay the Court's filing fee, and thus the Court presumes that Plaintiff intends to proceed in this action *in forma pauperis*. As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Furthermore, Plaintiff's pleading is frivolous and fails to state an actionable claim. The Court therefore declines to permit Plaintiff to proceed *in forma pauperis*, and this case is **DISMISSED without prejudice**.

    **I.**    **Dismissal Pursuant to 28 U.S.C. § 1915(g)**

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Ellis v. Cain*, ECF No. 6 in Case No. 7:07-cv-00093-HL-RLH (M.D. Ga. Aug. 14, 2007) (dismissing as frivolous); *See, e.g.,* Order Dismissing Compl., *Ellis v. Dees*, ECF No. 8 in Case No. 7:07-cv-00094-HL-RLH (M.D. Ga. Aug. 14, 2007) (dismissing as frivolous); *See, e.g.,* Order Dismissing Compl., *Ellis v. ABL Food Surv.*, ECF No. 4 in Case No. 7:07-cv-00008-HL-RLH (M.D. Ga. Jan. 23, 2007) (dismissing as frivolous). Plaintiff is

accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

As best as the Court can tell, Plaintiff's claims arise from his present incarceration. Compl. 1, ECF No. 1. In his "Averment of the Facts," Plaintiff generally asserts that he has been unlawfully imprisoned because "he was never in a lawful, binding contract with the state of Georgia, the United States Government Corporation or the Social Security Administration" and therefore never consented "to become a 14th Amendment citizen state citizen or any other corporate citizen or person subjected to codes, rules, regulations, statutes, acts or any other jurisdiction outside of the U.S. Constitution." Attach. 1 to Compl. 1, ECF No. 1-1. Plaintiff contends that the State of Georgia opened "a fictional company in the Plaintiff name without his written prior consent" in order to acquire jurisdiction over his person. *Id.* Plaintiff therefore submits that he is a "private person"

not legally subject to the jurisdiction of the law under which he is currently incarcerated; thus, his arrest warrant, indictment, and final judgment are all unlawful. *Id.* at 1-2; *see also* Compl. 4, ECF No. 1.

The Court has reviewed each of Plaintiff's submissions in this case and finds no allegations sufficient to entitle Plaintiff to the imminent danger exception of 28 U.S.C. § 1915(g). Plaintiff submits that he is in "grave danger" because various laws, including the Banking Relief Act, made "every citizen of the United States . . . an enemy of the government." Aff. 3, ECF No. 2. Plaintiff thus posits that Defendants "may attemp[t] to kidnap the Plaintiff or take the Plaintiff against his will threw [sic] force or may attemp[t] to kill the Plaintiff as well if he choose[s] not to comply to the State of Georgia colorable corporate laws." *Id.* at 2-3.

The Court is not required to "accept any and all allegations of injury as sufficient to forestall application of 28 U.S.C. § 1915(g)," however. *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998). A district court may "discredit[] factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)). Plaintiff has not pleaded any specific facts showing that any Defendant—or any other person—has actually used any force against him or threatened to do so in the future. Such "vague statements" cannot "satisfy the dictates of § 1915(g)." *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (per curiam). More to the point, however, Plaintiff's allegations of "imminent danger" are baseless and irrational, and the Court need not take them at face value. *See, e.g., Rittner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008)

(allegations of "threats" and "intimidation" insufficient to show plaintiff was in imminent danger where examples of such threats did not constitute threats of physical injury, were described with insufficient facts and detail, or were irrational or incredible).

Because Plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g). His Complaint shall accordingly be dismissed without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

### II. Dismissal Pursuant to 28 U.S.C. § 1915A

Even assuming *arguendo* that Plaintiff could proceed with this action despite the § 1915(g) bar, Plaintiff's claims would still be subject to dismissal pursuant to 28 U.S.C. § 1915A. In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon

which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As noted above, Plaintiff challenges his current incarceration by claiming that because he is a "private person" who has not contracted with the state, the state courts do not have jurisdiction to hold him accountable for violating the laws of the state. Plaintiff thus appears to request that his arrest warrant, indictment, and conviction be "adjudicated void" and that he be awarded significant damages. *See* Compl. 6, ECF No. 1; Aff. 7, ECF No. 4. Plaintiff's Complaint is subject to dismissal for at least two reasons.

First, Plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, it is well settled that a prisoner cannot challenge the correctness of his confinement under 42 U.S.C. § 1983. Instead, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *See Heck*, 512 U.S. at 486-87. *Heck* thus prevents a prisoner from bringing a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. *Id.* at 487. If such an action is brought prior to invalidation of the conviction or sentence challenged, it must be dismissed as premature. *Id.* at 487-89. In this case, Plaintiff's claims that he has been unlawfully imprisoned would necessarily call the validity of his conviction and sentence into question, and Plaintiff has failed to allege any facts suggesting that his sentence or conviction has been invalidated. His claims challenging his conviction and sentence are therefore *Heck*-barred and should be dismissed without prejudice.

Plaintiff's substantive submissions to the Court are also frivolous. Plaintiff's filings bear "hallmarks of the 'sovereign citizen' theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves." *Mells v. Loncon*, No. CV 418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (emphasis in original). A so-called "sovereign citizen" generally relies "on the Uniform Commercial Code ('UCC'), admiralty laws, and other commercial statutes to argue that, because he has made no contract with [the court or government], neither entity can foist any agreement upon him." *See United States v. Perkins*, No. 1:10-cr-97-1, 2013 WL 3820716, at *1 (N.D. Ga.

July 23, 2013) *aff'd*, 787 F.3d 1329 (11th Cir. 2015). Criminal statutes are "apparently not one of the groups of statutes whose validity [these 'sovereign citizens'] will acknowledge," and as such the prisoner will argue that he cannot be found guilty of any crime. *See id*. Plaintiff's filings also bear hallmarks of the "Redemptionist" theory, which "propounds that a person has a split personality: a real person and a fictional person called the 'strawman.'" *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2009).

> Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC filing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody.

*Id.*

Both the "sovereign citizen" and "Redemptionist" theories are frivolous legal theories that have been consistently rejected by federal courts. *See, e.g., Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (finding plaintiff's sovereign citizen arguments frivolous and "clearly baseless"); *Linge v. State of Georgia Inc*., 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be to "wholly insubstantial and frivolous"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting sovereign citizen argument as "shop worn" and frivolous); *Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (noting that "[t]heories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources" and collecting cases). Thus, Plaintiff's Complaint should also be dismissed as frivolous.

## CONCLUSION

For the foregoing reasons, the Court declines to permit Plaintiff to proceed in this case *in forma pauperis* and finds that this action must be **DISMISSED without prejudice**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.

**SO ORDERED**, this 26th day of August, 2019.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE